IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NORIS A. CAMPOS-MATOS, et. al.

    Plaintiffs

    v.                                      CIVIL NO. 96-2477 (JAG)

EVANSTONE INSURANCE COMPANY, et. al.

    Defendants

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiffs' motion under Fed.R.Civ.P. 56(f) for additional discovery (Docket No. 95, 102), prior to the disposition of the summary judgment motion.

Defendants filed their summary judgment motion on July 5, 2000,(Docket No. 68), which plaintiffs opposed on October 18, 2000. (Docket No. 80). On November 20, 2001 (seventeen months after the summary judgment had been filed), plaintiffs filed a Rule 56(f) motion for additional discovery (Docket No. 93), which the Court granted until December 21, 2001. On December 20, 2001, plaintiffs requested the Court to clarify its previous order or to grant plaintiffs until February 8, 2002 to conduct additional discovery to supplement their opposition to defendants' motion for summary judgment. (Docket 95, 103). For the reasons stated henceforth, the Court **DENIES** plaintiffs' request.

It is well established that "[t]o savor the balm of Rule 56(f), a

2

party must act in a timely fashion". <u>Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n</u>, 142 F.3d 26, 44 (1st Cir. 1998)(citing <u>Resolution Trust Corp. v. North Bridge Assocs., Inc.</u>, 22 F.3d 1198, 1204 (1st Cir. 1994)). The First Circuit Court has held that "a party must invoke Rule 56(f) within a reasonable time following the receipt of a motion for summary judgment." <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86, 92 (1st Cir. 1996)(citing <u>Resolution Trust Corp. v. North Bridge Assocs., Inc.</u>, 22 F.3d at 1204)). Thus, the date from which the timeliness of the Rule 56(f) motion is determined is the date when the summary judgment motion is filed. In this case this was July 5, 2000. Therefore, plaintiffs' original Rule 56(f) motion (Docket 93), which came seventeen months after the date the summary judgment motion, cannot be construed as anything other than tardy.

In view of the aforementioned, the Court hereby **DENIES** plaintiffs' motion for additional discovery and to supplement their opposition to defendants' motion for summary judgment. (Docket No. 95, 103).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 19th day of June 2002.

JAY A. GARCIA-GREGORY
United States District Judge