## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

NORIS A. CAMPOS-MATOS, et al.

    **Plaintiffs**

        **v.**

EVANSTONE INSURANCE COMPANY,
et al

    **Defendants**



**CIVIL NO.**  96-2477 (JAG)

---

### OPINION AND ORDER

    Plaintiffs Noris A. Campos-Matos ("Campos") and Jose Francisco Rivera-Campos ("Rivera"), brought this tort suit for damages against defendants Evanstone Insurance Company ("Evanstone"), Hospital Auxilio Mutuo ("Auxilio") and Reliance Insurance Company ("Reliance") pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code.  See 31 L.P.R.A. §§ 5141, 5142.  Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332.  Defendants assert that this action is time-barred because the limitations period of one year for tort actions under Puerto Rico law has expired.  See Article 1868 of the Civil Code, 31 L.P.R.A. § 5298.  Plaintiffs filed an opposition contending that in April 1996 they tolled the limitations period when plaintiffs' counsel José Quetglas ("Quetglas") verbally informed defendants' previous counsel, Jose Rivera ("Rivera") that he was going

to re-file plaintiffs' Complaint in Federal Court. (Quetglas deposition at 23).

### FACTUAL BACKGROUND

On November 3, 1994, plaintiffs filed a Complaint in the Puerto Rico Court of First Instance ("the State Court") a tort claim similar, if not identical, to the present case against defendant Auxilio and another insurance company not a party to this case. It is undisputed that Rivera had a previous attorney-client relationship with defendants in the state court action. Defendants indicate that their relationship with Rivera ended when plaintiffs filed a notice of voluntary dismissal of their Complaint in the State Court on May 26, 1995[1]. This Complaint was subsequently re-filed on December 2, 1996, after one year of plaintiffs' voluntary dismissal in State Court. Plaintiffs argue, however, that in April 1996 they tolled the one year limitations period because Quetglas, as their counsel, verbally informed Rivera that the Complaint would be re-filed in Federal Court. (Quetglas deposition at 23).

### SUMMARY JUDGMENT STANDARD

---

[1]

The parties agree that this is the date when the statute of limitations began to run for the purpose of deciding the limitations period in this case.

2

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323(1986).

A properly supported motion can be survived only if the non-moving party shows that a trial worthy issue exists. The party opposing the motion cannot rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every controversy is sufficient to preclude summary judgment. The fact has to be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of a suit. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986). The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." See Anderson, 477

3

✎AO 72A
(Rev. 8/82)

U.S. at 252. Consequently, in order to defeat the motion, the party opposing summary judgment must present competent evidence supporting its position. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir.1994).  To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." See Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990). When ruling upon a motion for summary judgment, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." See Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

**DISCUSSION**

Article 1802 states that "[a] person who by act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done." See P.R. Laws Ann. tit. 31, § 5141. Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298, is the statute of limitations applicable to actions based on defendants' fault or negligence under Article 1802, 31 L.P.R.A. § 5141. Article 1868 establishes a one year limitations period for such actions from the time the aggrieved person had knowledge of the injury and could exercise his right. 31 L.P.R.A. §§ 5298, 5299; Riley v. Rodriquez Pacheco, 119 D.P.R. 762, 775 (1987); Colon Prieto v. Geigel, 115

4

D.P.R. 232, 244-47; 15 Official Translations 313, 327-31 (1984).
Article 1873 of the Puerto Rico Civil Code provides three methods for
tolling the limitations period: (1) their institution before the
courts, (2) an extrajudicial claim of the creditor, and (3) any act
of acknowledgment of the debt by the debtor. 31 L.P.R.A. § 5302. We
are concerned here with the second method: an extrajudicial claim by
plaintiff.

The First Circuit has acknowledged the difficulty of defining the
term "extrajudicial claim of the creditor" inasmuch as it "encompasses
an array of actions as diverse as human conduct itself." Rodriquez
Narvaez v. Nazario, 895 F.2d 38, 44 (1st Cir.1990). The Puerto Rico
Supreme Court has established that, to effectively toll the period of
limitations, an extrajudicial claim must meet certain requirements:
First, the extrajudicial claim must be presented within the period of
limitations. Srio. del Trabajo v. F.H. Co., Inc., 116 D.P.R. 823,
827; 16 Official Translations 1014, 1019 (1986). Second, the claim
must be made by the creditor or his or her legal representative. Id.
Third, the claim must be addressed to the debtor, and it must require
or demand the same action or relief sought in the subsequent suit. See
Acosta-Quinones v. Matos-Rodriguez, 135 D.P.R. 668, 675 (1994);
Velilla v. Pueblo Supermarkets, Inc., 111 P.R.R. 732, 734-35 (1981)).
Fourth, the extrajudicial claim must be "precise and specific," so as

AO 72A
(Rev. 8/82)

to let the debtor know that the claimant does not wish to lose the right claimed. <u>Fernandez v. Chardon</u>, 681 F.2d 42, 53 (1st Cir. 1982). Here, the central question before the Court is whether plaintiffs' notice that they would re-file the suit was given to the actual debtors in tort.

In the present case, defendants aver that plaintiffs did not address the extrajudicial claim to the debtor, inasmuch as Rivera was not retained as defendants' legal counsel at the time of the request. (Docket 69 at 9). Defendants do acknowledge that during April 1996 Rivera was just one of several attorneys representing Evanstone and its insureds in other matters. (Id. at 10). Defendants submit Rivera's deposition to support their allegation. Rivera testified that, after the voluntary dismissal, he closed the file of the case, and during April 1996 he did not know whether he would be retained as Counsel by Evanstone and Auxilio inasmuch as they were also represented by Benjamin Acosta, Esq., in medical malpractice cases. (Rivera's deposition at 67, 69).

Plaintiffs have the burden of proving that they gave extrajudicial notice to defendants. <u>Acosta-Quinones</u>, 135 D.P.R. at 675. To meet their burden plaintiffs must provide evidence from which a reasonable jury can infer that, on or before April 1996, Evanstone hired Rivera to represent defendants in the re-filing of plaintiffs

✎AO 72A
(Rev. 8/82)

Complaint.  Plaintiffs submit Quetglas' deposition to meet their burden.  Quetglas  testified that he contacted Rivera in April 1996, inasmuch as Rivera represented defendants in the State Court proceedings, and verbally informed Rivera that he was going to re-file plaintiffs' Complaint in Federal Court against defendant Auxilio and its insurance company.  Quetglas further testified  that he informed Rivera that the Complaint was identical to the one previously filed before the State Court.  (Quetglas' deposition at 23).  Quetglas requested Rivera to provide him with the name of defendant Auxilio's insurance company and informed Rivera that he was willing to meet with Rivera for a possible settlement of the case.  (Id. at 24-28).  It is, therefore, undisputed that plaintiffs knew  defendants' identities, namely Evanstone and Auxilio, before the expiration of the limitations period.  Plaintiffs, however, did not deliver the extrajudicial claim to defendants.  Instead, Quetglas relied on the contents of the three conversations he had with Rivera to conclude that delivery to defendants was unnecessary inasmuch as defendants had hired Rivera to represent them in the present matter.  (Id. at 26, 28)

When asked why he considered that defendants had hired Rivera to represent them in the re-filing of plaintiffs Complaint, Quetglas unequivocally indicated that in April 1996, "[Rivera] explained [to him] that he was going to represent the same defendant[s] in the

7

second case." (Id. at 24). Plaintiffs', therefore, argue that Quetglas' categorical statement creates a genuine issue of material fact as to whether or not Rivera was defendants' legal representative at the time he was notified about the extrajudicial claim. (Docket 80 at 12). Quetglas' arrant response, however, must be viewed in light of Quetglas' alternative explanation that "by the conversation [he had with Rivera, and by] the way [they] talked," he had the impression that "[Rivera] talked to [him] as [the] legal representative of defendants." (Id. at 26, 28). Thus Quetglas' deposition, read in the light most favorable to plaintiffs, is insufficient under Puerto Rico law to establish that there was in fact an attorney-client relationship between Rivera and defendants at the time Rivera received the extrajudicial claim. At most, it could only prove Quetlgas' subjective impression that Rivera was the defendant's attorney at the time.

It is well established that under Puerto Rico law an attorney-client relationship begins when a potential client seeks the advice or representation of an attorney on a legal issue. In re Belen Trujillo, 126 D.P.R. 743, 756 (1990). Although Quetglas assumed that Rivera was defendants' legal representative, there is no indication in the record that there was a written or oral contract or an implied attorney-client relationship between Rivera and defendants in April

8

1996.  To the contrary, the only evidence that sheds some light in this matter consists of two letters sent by Mike Karatsanos ("Karatsanos"), Senior Claims Specialist of Evanstone, to Rivera after the present case was filed in this Court.  The first letter, sent on January 8, 1997, requested Rivera to reopen plaintiffs' file and to file a motion to enlarge time on behalf of Evanstone.  (Docket 68 Exhibit 7).  The second letter sent on January 15, 1997, formally retained Rivera as counsel in this litigation.  (Docket 68 Exhibit 8). Accordingly, there is uncontradicted evidence in the record showing that it was not until January 15, 1997, that Rivera became the legal representative of defendants in this litigation.

In the present case, the only inference a reasonable jury could make from Quetglas' deposition is that from the conversation with Rivera, Quetglas could have subjectively considered Rivera, to have been, not that he was, defendants' legal representative during the conversation.  This, however, is not enough to toll the statute of limitations according to the strict requirements for tolling established by the Puerto Rico Supreme Court.  It is, moreover, undisputed by the parties that Rivera did not affirmatively induce Quetglas to address the extrajudicial claim to the wrong party. Velilla v. Pueblo Supermarkets, 111 D.P.R. 585, 587 (1981)(Limitations period is tolled when debtor affirmatively induces the creditor to

9

forward his claim to the wrong party)[2]. We must, therefore, conclude that the extrajudicial claim made by Quetglas in April 1996 was not properly addressed to the debtor. Acosta-Quinones, 135 D.P.R. at 675. Simply put, plaintiffs have not met their burden of proving that they gave extrajudicial notice to defendants sufficient to toll the one year statute of limitations. Accordingly, plaintiffs' Complaint is time-barred.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** defendants motion for summary judgment inasmuch as plaintiffs' Complaint is time-barred. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of June 2002.

JAY A. GARCIA-GREGORY
United States District Judge

---

[2]

Defendants argued that Velilla is inapplicable to the present case. (Docket 68 at 12). Plaintiffs have not refuted defendants' contention.

10