IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CAMPOS-MATOS, et al.,

    Plaintiffs

    v.                          CIVIL NO. 96-2477 (JAG)

EVANSTON INSURANCE, et al.,

    Defendants

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D. J.[1]

    Pending before the Court is plaintiffs', Noris A. Campos-Matos ("Campos") and minor Jose Francisco Rivera-Campos ("Rivera") (collectively "plaintiffs"), motion to alter and set aside judgment pursuant to Fed.R.Civ.P. 59 and 60(b)(Docket No. 109). Defendants filed an opposition (Docket No. 112) and plaintiffs filed a reply (Docket No. 118). For the reasons discussed below, the Court **DENIES** the motion.

DISCUSSION

**A. Rule 59 Standard**

    Pursuant to Fed.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact."

---

[1] Yamil Jaskille, a second year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

1



Gueits-Colón v. Fraticelli, 181 F.Supp. 2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997)); see also Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir. 2000).

Rule 59(e), however, is "aimed at reconsideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.1992); see also Aybar, 118 F.3d at 16. It may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Standard Quimica de Venezuela v. Central Hispano, 189 F.R.D. 202, 204 (D.P.R. 1999). "Arguments which could, and should, have been made before judgment issued" will not be considered. F.D.I.C. v. World Univ. Inc. 978 F.2d 10, 16 (1st Cir. 1992) (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986).

The decision whether to alter or amend a judgment under Rule 59(e) lies within the discretion of the district court. Mariani-Giron v. Acevedo-Ruiz, 945 F.2d 1, 3 (1st Cir. 1991).

*B. Plaintiffs' Rule 59 Motion*

Plaintiffs seek to alter the Court's judgment (Docket No. 108) on the basis that: (1) the claims against Rivera are not time barred inasmuch as he is a minor; (2) the statute of limitations was tolled when plaintiffs' counsel allegedly informed attorney Jose Rivera ("counsel Rivera") of his intention to file the case, inasmuch as a principal-agent relationship existed at the time between defendants

2

and counsel Rivera;[2] and (3) even if there was no principal-agent relationship between counsel Rivera and defendants, the "appearance" of such a relationship is sufficient under Puerto Rico law to bind the defendants, thus making the alleged extrajudicial claim valid.

*C. Minor Rivera's claims*

Pursuant to P.R.Law Ann. tit. 32 §254, if a person is a minor at the time his cause of action accrues, the statute of limitations will not commence to run until he comes to be of legal age. Plaintiffs allege Rivera is still of minor age, such that his claims are not time barred. "In Puerto Rico, the statute of limitations does not run against minors until they reach the legal age of 21." Ocasio-Berrios, et al. v. Bristol Myers Squibb, et al., 73 F.Supp.2d 171, 174 (1999); see also Santiago, et al. v. Becton Dickinson & Co., S. A., et al., 539 F.Supp 1149, 1152 (1982). Minors need not claim or express their intent to claim their right while their minority of age because the statute of limitations is tolled during such time. De Jesus v. Chardon, 116 D.P.R. 238, 250 (1985). Even if represented by a parent, the statute of limitations does not run against a minor plaintiff. See Marquez v. Superior Court, 85 P.R.R. 536 (1962). It therefore becomes clear that Rivera's claims are timely.

Moreover, it is important to note that defendant's motion for summary judgment sought partial dismissal as to Campo's claims, and not those of Rivera, who defendants have repeatedly conceded is a minor. The Court mistakenly dismissed all of plaintiffs' claim and closed the case. Accordingly, the court will deny reconsideration as to Rivera's claims without prejudice pending a

---

[2]The parties agree that the statute of limitations began to run on May 26, 1995, when plaintiffs voluntarily dismissed a similar state court action, premised on the same facts, against defendants and another insurance company, not a party to this case.

status conference to discuss Rivera's claims against defendants. **The Court hereby sets a status/settlement conference for April 15, at 10:30 a.m.**

*D. Extrajudicial claim*

Plaintiffs further allege that certain calls made by their attorney to counsel Rivera during April 1996, served as an extrajudicial claim for the purpose of tolling the statute of limitations.

The Court's Opinion and Order dated June 21, 2002, expressly concluded that these calls were insufficient to give extrajudicial notice to defendants and to toll the statute of limitations. See Acosta-Quinones v. Matos-Rodriguez, 135 D.P.R. 668, 675 (Stating that for an extrajudicial claim to be valid, plaintiff must offer proof that the extrajudicial claim was addressed to and received by the debtor). The Court held that the evidence was insufficient to establish that there was in fact an attorney-client relationship between counsel Rivera and defendants at the time plaintiffs' attorney informed counsel Rivera that he would be refiling the case in federal court.

Inasmuch as the Court has already addressed these issues and because plaintiffs have not submitted any new evidence to support their contention, the Court reiterates its conclusion that the statute of limitations was not tolled by any extrajudicial claim because plaintiffs did not meet their burden of establishing that an attorney-client relationship existed between counsel Rivera and defendants at the time of the alleged conversations.

*3. Apparent principal-agent relationship*

Finally, plaintiffs argue that the appearance that a principal-agent relationship existed between counsel Rivera and defendants is sufficient for the Court to hold that defendants are bound by counsel Rivera's receipt of the extrajudicial claim. Plaintiffs suggest that their attorney

4

subjectively and detrimentally relied on the conduct of counsel Rivera to believe that he represented defendants and thus, that he was effecting a proper extrajudicial claim. They allege that their good-faith reliance on the appearance that Rivera represented defendants and was authorized to receive extrajudicial claims is sufficient to toll the statute of limitations (Docket No. 118, p. 12). This is the first time, however, that plaintiffs have raised the apparent authority legal doctrine. The record is devoid of any arguments by plaintiffs concerning this doctrine before judgment entered. Inasmuch as in a Fed.R.Civ.P. 59(e) context, the Court is precluded from considering new arguments or legal theories not raised before judgment issued, see F.D.I.C., 978 F.2d at 16; Standard Quimica de Venezuela, 189 F.R.D. at 204; Aybar, 118 F.3d at 16, the Court stands by its prior Opinion and Order.

## CONCLUSION

For the foregoing reasons, the Court DENIES with prejudice plaintiffs' motion to alter and set aside judgment as to Campos' claims. The motion to alter judgment as to Rivera's claims is DENIED without prejudice pending the outcome of the status settlement conference set for Tuesday, April 15, 2003 at 10:30 a.m.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 25th day of March, 2003.

JAY A. GARCIA-GREGORY
U.S. District Judge

5