UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NORIS A. CAMPOS MATOS, et al.
**Plaintiff(s)**

v.

CIVIL NO. 96-2477 (JAG)

EVANSTON INSURANCE COMPANY,
et al.
**Defendant(s)**

---

## ORDER

Pending before the Court is Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment and to Extend Time to Oppose said Motion until Discovery has been completed (Docket No.128). For the reasons set forth below, the Court denies the motion.

Rule 56(f) is "an additional safeguard against an improvident or premature grant of summary judgment." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2740 (1983). The rule is intended to prevent "judges [from] swinging the summary judgment axe too hastily." Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). The rule provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. FED. R. CIV. P. 56(f)

To succeed on a rule 56(f) motion, a party must articulate a plausible basis for believing that discoverable materials exist which would raise a trial worthy issue and demonstrate good cause for failure to have conducted the discovery earlier. Acosta-Vega v. Brown, 14 F. Supp 2d 177, 181-82 (D.P.R. 1998). Stated another way, the movant must make a proffer that is authoritative, made in




a timely manner, explain the party's inability to adduce the facts essential to oppose the motion, show good cause for failing to discover those facts sooner and set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Resolution Trust, 22 F.3d at 1203; see also C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 44-45 (1st Cir. 1998). Succinctly put, the requirements for a successful Rule 56 (f) motion are: authoritativeness, timeliness, good cause, utility and materiality. Id. See also Simas v. First Citizens' Federal Credit Union, 170 F.3d 37, 46 (1st Cir. 1999).



A procedural background of this case demonstrates that additional time for discovery in order to oppose the summary judgment motion is not warranted. The case was filed on December 2, 1996, and dismissed on a summary judgment motion with prejudice on June 21, 2002. The parties had five and a half years to conduct discovery. Subsequently, the case was reopened on April 21, 2003, as to one of the plaintiffs and the Court again allowed the parties an additional two months for discovery ending on June 20, 2003. Defendant Evanston filed a Motion for Summary Judgment on April 30, 2003. Plaintiffs sought an extension to file an opposition until June 3, 2003, which the Court granted. stating that no further extensions would be granted. On June 2, 2003, plaintiffs filed for a second extension of time.

First, plaintiffs allege that defendant's motion for summary judgment fails to indicate whether the insured defendants were notified about the termination of their liability insurance and subsequently, the potential consequence of losing their legal representation. In addition, plaintiffs assert that factual discrepancies exist between the defendant's affidavits and their statement of undisputed material facts. Although they allege that the insurance policy in question may have been renewed or extended, it is premised on conjectures based on when the claim *may* have been closed.

Plaintiffs have failed to show that such facts most probably exist and can be collected within a reasonable time. It is well established that "[a] plaintiff's speculative assertions that the defendant has unspecified facts in its possession necessary for the plaintiff to develop its legal theories ... are entirely inadequate to extract the balm of Rule 56(f)." Kelly v. Marcantonio, 187 F.3d 192 (1st Cir. 1999) (quoting C.B. Trucking, Inc.,137 F.3d at 45). Thus, while the information being sought by plaintiff may be material, plaintiffs have not presented any evidence beyond speculation to strengthen their beliefs.

Plaintiffs' second contention is that Michael Karatsanos' affidavit, defendant's claims and underwriting manager, lacks specificity and clarity regarding the liability limits set forth in the insurance policy in question. Thus, plaintiffs have submitted interrogatories to defendants. However, there is no evidence that defendant failed to submit its answers thereto nor that he has acted in bad faith by stonewalling plaintiffs' efforts to discover relevant information.

Plaintiffs' third argument for a time extension is that defendant has not verified the information entered into a "Loss Run" maintained by Shand Morahan & Co., the defendant's claims and underwriting manager. They allege that a verification of this information is relevant because it was relied upon in defendant's affidavit. However, plaintiffs received defendant's affidavit on April 30, 2003, and have had ample time since to verify the information lacking in the affidavit during the mandated discovery period, but failed to do so. The caselaw is clear that a party must be diligent in conducting discovery and not use Rule 56(f) as a fall back provision for failure to meet the discovery deadline. See Ayala-Gerena v. Bristol Meyers Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996). "Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights." C.B. Trucking, Inc v. Waste Management Inc.,137 F.3d 41, 45 (1st Cir. 1997) (citing Ayala-Gerena at 92).     Finally, plaintiffs' attorney attributes the need for a time extension on the

severe hardship caused by his relocation to Florida. This does not constitute good cause. "Notwithstanding that plaintiffs' attorney is a solo practitioner, the following principle applies: '[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.'" Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990) (quoting Pinero Schroeder v. Federal Nat'l Mortgage Ass'n., 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam)). Aside from plaintiffs' lawyer's alternate commitments, plaintiffs have not presented any reasonable explanation for why the additional discovery was not previously attainable.

Having failed to establish good cause, the Court finds that plaintiffs' motion does not meet the Rule 56 (f) requirements and accordingly denies the same (Docket No. 128).

IT IS SO ORDERED

In San Juan, Puerto Rico, this 14th day of July, 2003.

JAY A. GARCIA-GREGORY
U.S. District Judge